UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-cv-00202-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| FRED D. GODLEY, JR.; 436 CONE AVENUE, LLC; and F.D. GODLEY NUMBER THREE, LLC, | CONSENT DECREE |
| Defendants and Third-Party Plaintiffs, | |
| v. | |
| TOWN OF PINEVILLE; MITCHELL COMMUNITY COLLEGE; MITCHELL COMMUNITY COLLEGE FOUNDATION AND ENDOWMENT FOR EXCELLENCE f/k/a MITCHELL COMMUNITY COLLEGE ENDOWMENT FOR EXCELLENCE; IREDELL COUNTY; | |
| Third-Party Defendants. | |

TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND | 1 |
| II. | JURISDICTION | 2 |
| III. | PARTIES BOUND | 2 |
| IV. | DEFINITIONS | 2 |
| V. | PAYMENT OF RESPONSE COSTS | 4 |
| VI. | FAILURE TO COMPLY WITH CONSENT DECREE | 5 |
| VII. | DISPUTE RESOLUTION | 7 |
| VIII. | COVENANTS BY PLAINTIFF | 8 |
| IX. | RESERVATIONS OF RIGHTS BY UNITED STATES | 8 |
| X. | COVENANTS BY DEFENDANTS | 9 |
| XI. | EFFECT OF SETTLEMENT/CONTRIBUTION | 9 |
| XII. | PROPERTY REQUIREMENTS | 10 |
| XIII. | REPORTING REQUIREMENTS | 12 |
| XIV. | ACCESS TO INFORMATION | 13 |
| XV. | RETENTION OF RECORDS | 14 |
| XVI. | NOTICES AND SUBMISSIONS | 14 |
| XVII. | RETENTION OF JURISDICTION | 15 |
| XVIII. | INTEGRATION/APPENDICES | 15 |
| XIX. | TERMINATION | 15 |
| XX. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT | 16 |
| XXI. | SIGNATORIES/SERVICE | 16 |
| XXII. | FINAL JUDGMENT | 16 |

# I.    BACKGROUND

A.      On April 29, 2019, the United States of America ("United States"), on behalf of the Administrator of the U.S. Environmental Protection Agency ("EPA"), filed a complaint against the defendants: Fred D. Godley, Jr. ("Godley"); 436 Cone Avenue, LLC ("Cone Ave"); and F.D. Godley Number Three, LLC ("GNT") (Godley, Cone Ave, and GNT together may be referred to as "Defendants"). The United States initiated this action under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), as amended, seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at the Pineville Textile Mill Site located at 436 Cone Avenue, Pineville, Mecklenburg County, North Carolina ("Pineville Site") and the Old Davis Hospital Site located at 706 and 709 West End Avenue, Statesville, Iredell County, North Carolina ("Old Davis Site") (collectively, the "Sites").

B.      In the United States' complaint, the United States asserted four claims for relief, alleging that: (1) Cone Ave was liable to the United States for Pineville Site response costs under CERCLA Section 107(a); (2) Godley was liable to the United States for Pineville Site response costs under CERCLA Section 107(a) and also liable under the doctrine of veil-piercing for Cone Ave's liability to the United States; (3) GNT was liable to the United States for Old Davis Site response costs under CERCLA Section 107(a); and (4) Godley was liable to the United States for Old Davis Site response costs under CERCLA Section 107(a) and also liable under the doctrine of veil-piercing for GNT's liability to the United States. *See* ECF No. 1.

C.      On April 7, 2021, all parties in this case filed motions for summary judgment. The United States filed a Motion for Partial Summary Judgment against the Defendants seeking the Court's ruling on the Defendants' liability under CERCLA. *See* ECF No. 51.

D.      On November 10, 2021, this Court granted in part and denied in part the United States' Motion for Partial Summary Judgment. The Court's order found Cone Ave and GNT liable under CERCLA Section 107(a)(2) for the United States' response costs in connection with the Pineville Site and the Old Davis Site, respectively. The Court's order denied summary judgment as to Godley's alleged liability under CERCLA Section 107(a)(2) for the United States' response costs in connection with the Sites. *See* ECF No. 77.

E.      From January 3 through 5, 2022, the Court held a jury trial on the United States' remaining, unresolved claims, which concerned Godley's alleged liability under CERCLA and under the veil-piercing doctrine. On January 6, 2022, the jury returned a unanimous verdict in favor of the United States on the issue of whether to pierce the corporate veil of GNT to hold Godley personally liable to the United States for GNT's CERCLA liability for the Old Davis Site. The jury did not find in favor of the United States on the issue of whether to pierce the corporate veil of Cone Ave to hold Godley liable to the United States for Cone Ave's CERCLA liability for the Pineville Site. At trial, the Court did not rule on Godley's liability under CERCLA.

F.      The Parties agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter without further litigation and without any further admission or adjudication of any issue of fact

1

or law is appropriate and will avoid any further litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II.    JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Defendants. Solely for the purposes of this Consent Decree and the underlying complaint, Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District.  Defendants shall not challenge entry or the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III.    PARTIES BOUND

2.    This Consent Decree is binding upon the United States and Defendants and their heirs, successors, and assigns.  Any change in ownership or corporate or other legal status, including but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of Defendants under this Consent Decree.

## IV.    DEFINITIONS

3.    Unless otherwise expressly provided in this Consent Decree, terms used in this Consent Decree that are defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings assigned to them in CERCLA or in such regulations.  Whenever terms listed below are used in this Consent Decree or its appendices, the following definitions shall apply:

"Affected Property" means any real property, excluding his primary residence, (1) that Godley owns or controls in any capacity, including in his individual capacity and in his capacity as (a) a controlling managing partner/member, an owner with a controlling share, or an authorized officer of an Entity, (b) a person with operational control of an Entity, or (c) a person with actual, express, implied, inherent or apparent authority to bind an Entity; and (2) on which Demolition Activity is occurring or will occur.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-9675.

"Consent Decree" shall mean this Consent Decree and all appendices attached hereto.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

"Day" or "day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

"Defendants" shall mean Fred D. Godley, Jr.; 436 Cone Avenue, LLC; and F.D. Godley Number Three, LLC.

2

"Demolition Activity" shall mean (1)(a) the intentional disturbance, destruction, or burning of any structures, building walls, roofs, surfaces, piping, tiles, insulation, electrical transformers, or other building materials, (b) asbestos abatement, and (c) salvage associated with destroying or removing the structure from its associated real property, and (2) that may result in the release or threatened release of asbestos or other hazardous substance, pollutant, or contaminant. "Demolition Activity" excludes (1) minor repair and maintenance activities, including minor heating, ventilation or air conditioning work, electrical work, and plumbing, and (2) that disrupt 100 square feet or less of an interior or exterior surface.

"DOJ" shall mean the U.S. Department of Justice and its successor departments, agencies, or instrumentalities.

"Effective Date" shall mean the date upon which the approval of this Consent Decree is recorded on the Court's docket.

"Entity" shall mean a corporation, limited liability company, partnership (including a limited partnership), unincorporated association, trust, estate, or other business or commercial organization.

"EPA" shall mean the U.S. Environmental Protection Agency.

"EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. Rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

Licensed Asbestos Abatement Contractor shall mean an asbestos abatement contractor who is licensed and accredited in the applicable asbestos discipline(s) in the state where the Demolition Activity will occur.

Licensed Asbestos Inspector shall mean an asbestos inspector who is licensed and accredited in the applicable asbestos discipline(s) in the state where the Demolition Activity will occur.

Licensed Demolition Contractor shall mean a demolition contractor who is licensed, bonded, and insured in the state in which the Demolition Activity will occur.

"Month" shall mean one (1) calendar month running from the numbered day to the same numbered day of the following calendar month, regardless of whether the particular month has 28, 29, 30 or 31 days. In the event a triggered event would occur on a day of the month which does not exist (for example, on February 30), then the event shall be due on the first day of the following month (for example, March 1).

3

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Old Davis Site" shall mean the Old Davis Hospital Site, encompassing approximately five acres, located at 706 and 709 West End Avenue in Statesville, Iredell County, North Carolina, and generally shown on the map included in Appendix A.

"Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Parties" shall mean the United States and the Defendants.

"Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Sites through the last date of signature by Defendants on this CD, plus accrued Interest on all such costs through such date.

"Pineville Site" shall mean the Pineville Textile Mill Site, encompassing approximately 28.3 acres, located at 436 Cone Avenue in Pineville, Mecklenburg County, North Carolina, and generally shown on the map included in Appendix B.

"Plaintiff" shall mean the United States.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901-6992 (also known as the Resource Conservation and Recovery Act).

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Sites" shall mean the Pineville Site and the Old Davis Site collectively.

"State" shall mean the State of North Carolina.

"United States" shall mean the United States of America and each department, agency, and instrumentality of the United States, including EPA.

## V.      PAYMENT OF RESPONSE COSTS

4.      **Payment by Defendants for Past Response Costs**. Within 30 days after the Effective Date, Defendants shall pay to EPA $1,250,000.00.

      a.      **Payment from Escrow Account Together with Accrued Interest**. Within seven days of signing this Consent Decree, Defendants shall deposit $1,250,000.00 into an interest-bearing escrow account in a duly chartered bank or trust company that the Federal Deposit Insurance Corporation insures (the "Escrow Account"). If the Court does not enter this Consent Decree, and the time for any appeal of that decision has run, or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Defendants. If the Court enters this Consent Decree, Defendants shall, within 30 days after the Effective Date, cause the monies in the Escrow

4

Account, together with accrued interest thereon, to be paid to EPA in accordance with Paragraphs 5 and 7.

b.       **Pineville Site Past Response Costs**. Of the amount paid by Defendants to EPA from the Escrow Account, $197,500.00 plus any interest accrued thereon shall constitute the amount paid by Defendants to EPA in connection with the Pineville Site.

c.       **Old Davis Site Past Response Costs**. Of the amount paid by Defendants to EPA from the Escrow Account, $1,052,500.00 plus any interest accrued thereon shall constitute the amount paid by Defendants to EPA in connection with the Old Davis Site.

5.      Defendants shall make payment at https://www.pay.gov in accordance with instructions provided to Defendants by the Financial Litigation Unit (FLU) of the U.S. Attorney's Office for the Western District of North Carolina after the Effective Date. The payment instructions provided by the FLU will include a Consolidated Debt Collection System (CDCS) number, Site/Spill ID Number B44J for the Pineville Site, Site/Spill ID Number B48Q for the Old Davis Site, and DJ Number 90-11-3-11692, which shall be used to identify all payments required to be made in accordance with this Consent Decree. The FLU will provide the payment instructions to:

> Stanley B. Green
> Green Mistretta Law, PLLC
> 1752 Heritage Center Drive, Ste. 101
> Wake Forest, NC 27587
> sgreen@gmlawyers.org
> (704) 564-9878

on behalf of Defendants. Defendants may change the individual to receive payment instructions on their behalf by providing written notice of such change to DOJ and EPA in accordance with Section XVI (Notices and Submissions).

6.      **Deposit of Payment**. The total amount to be paid under Paragraph 4 shall be deposited by EPA in the EPA Hazardous Substance Superfund.

7.      **Notice of Payment**. At the time of payment, Defendants shall send to EPA and DOJ, in accordance with Section XVI (Notices and Submissions), a notice of this payment including references to the CDCS Number, Site/Spill ID Number B44J for the Pineville Site, Site/Spill ID Number B48Q for the Old Davis Site, and DJ Number 90-11-3-11692.

## VI.    FAILURE TO COMPLY WITH CONSENT DECREE

8.      **Interest on Late Payments**. If any Defendant fails to make any payment under Paragraph 4 (Payment by Defendants for Past Response Costs) by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

9.      **Stipulated Penalties**

a. If any amounts due to EPA under Paragraph 4 (Payment by Defendants for Past Response Costs) are not paid by the required date, Defendants shall be in violation of this Consent Decree and shall pay to EPA, as a stipulated penalty, in addition to the Interest required by Paragraph 8, $7,500 per violation per day that such payment is late.

b. If Godley does not comply with Section XII (Property Requirements), Godley shall be in violation of this Consent Decree and shall pay to EPA the following stipulated penalties per violation per day of such noncompliance:

| Period of Noncompliance | Penalty Per Noncompliance Per Day |
| --- | --- |
| 1st through 14th day | $1,000 |
| 15th through 30th day | $2,500 |
| 31st day and beyond | $5,000 |

c. Stipulated penalties are due and payable within 30 days after the date of EPA's demand for payment of the penalties. Defendants shall make all payments at https://www.pay.gov in accordance with the procedures under Paragraph 5 and send notice of this payment in accordance with Paragraph 7 (Notice of Payment). The paying parties shall indicate in the comment field on the https://www.pay.gov payment form that the payment is for stipulated penalties.

d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA has notified Defendants of the violation or made a demand for payment but need only be paid upon demand. All penalties shall begin to accrue on the day after payment or performance is due or the day a violation occurs and shall continue to accrue through the date of payment or the final day of correction of the noncompliance. Nothing in this Consent Decree shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

10. If the United States brings an action to enforce this Consent Decree due to nonpayment of Past Response Costs under Section V, Defendants shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time. If the United States brings an action to enforce this Consent Decree due to noncompliance with any other provision, Godley shall reimburse the United States for all costs of such action, including but not limited to costs of attorney time.

11. Payments made under this Section shall be in addition to any other remedies or sanctions available to Plaintiff by virtue of Defendants' failure to comply with the requirements of this Consent Decree.

12. The obligations of Defendants to pay amounts owed to the United States under Paragraphs 4 and 9.a of this Consent Decree are joint and several.

13. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have

6

accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Defendants from payment as required by Section V (Payment of Response Costs) or excuse Godley from performance of any other requirements of this Consent Decree.

## VII. DISPUTE RESOLUTION

14. Unless otherwise provided in this Consent Decree, Defendants must use the dispute resolution procedures of this Section to resolve any dispute arising under this Consent Decree. The United States may enforce any requirement of the Consent Decree that is not the subject of a pending dispute under this Section.

15. A dispute will be considered to have arisen when one or more parties sends a written notice of dispute ("Notice of Dispute"). Disputes arising under this Consent Decree must in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations may not exceed 20 days after the dispute arises, unless the parties to the dispute otherwise agree. If the parties cannot resolve the dispute by informal negotiations, the position advanced by EPA is binding unless Defendants initiate formal dispute resolution under Paragraph 16.

16. **Formal Dispute Resolution**

    a. **Statements of Position**. Defendants may initiate formal dispute resolution by serving on EPA and DOJ, within 20 days after the conclusion of informal dispute resolution under Paragraph 15, an initial Statement of Position regarding the matter in dispute. The Plaintiff's responsive Statement of Position is due within 20 days after receipt of the initial Statement of Position. All Statements of Position must include supporting factual data, analysis, opinion, and other documentation. A reply, if any, is due within 10 days after receipt of the response. If appropriate, EPA may extend the deadlines for filing statements of position for up to 45 days and may allow the submission of supplemental statements of position.

    b. **Formal Decision**. The Director of the Superfund & Emergency Management Division, EPA Region 4, will issue a formal decision resolving the dispute ("Formal Decision") based on the statements of position and any replies and supplemental statements of position. The Formal Decision is binding on Defendants unless they timely seek judicial review under Paragraph 17.

    c. **Compilation of Administrative Record**. EPA shall compile an administrative record regarding the dispute, which must include all statements of position, replies, supplemental statements of position, and the Formal Decision.

17. **Judicial Review**

    a. Defendants may obtain judicial review of the Formal Decision by filing, within 20 days after receiving it, a motion with the Court and serving the motion on all Parties. The motion must describe the matter in dispute and

7

the relief requested.  The motion may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 15, unless the United States raises a new issue of law or fact in the Statement of Position.  The parties to the dispute shall brief the matter in accordance with local court rules.

b.   **Review on the Administrative Record**.  Judicial review of disputes regarding the following issues must be on the administrative record: (i) the adequacy of reports and submissions required under the Consent Decree, (ii) the adequacy of performance of obligations under this Consent Decree, and (iii) any other disputes that the Court determines should be reviewed on the administrative record.  For all of these disputes, Defendants bear the burden of demonstrating that the Formal Decision was arbitrary and capricious or otherwise not in accordance with law.

c.   **Other Disputes**.  Judicial review of any dispute not governed by Paragraph 17.b shall be governed by applicable principles of law.  The United States reserves the right to argue that its position is reviewable only on the administrative record and must be upheld unless arbitrary and capricious or otherwise not in accordance with law.

18.   The initiation of dispute resolution procedures under this Section does not extend, postpone, or affect in any way any requirement of this Consent Decree, except as EPA agrees, or as determined by the Court.  Stipulated penalties with respect to the disputed matter will continue to accrue as provided in Paragraph 9, but payment is stayed pending resolution of the dispute.

## VIII.   COVENANTS BY PLAINTIFF

19.   **Covenants for Defendants by United States**.  Except as specifically provided in Section IX (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Defendants under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  These covenants shall take effect upon the Effective Date.  These covenants are conditioned upon the satisfactory performance by Defendants and Godley of their obligations under this Consent Decree.  These covenants extend only to Defendants and do not extend to any other person.

## IX.   RESERVATIONS OF RIGHTS BY UNITED STATES

20.   The United States reserves, and this Consent Decree is without prejudice to, all rights against Defendants with respect to all matters not expressly included within Paragraph 19 (Covenants for Defendants by United States).  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Defendants with respect to:

a.   liability for failure of Defendants to meet a requirement of this Consent Decree;

b.   liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

8

  c.  liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

  d.  liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Sites;

  e.  criminal liability; and

  f.  liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## X.  COVENANTS BY DEFENDANTS

21. Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs and this Consent Decree, including but not limited to:

  a.  any direct or indirect claim for reimbursement from the EPA Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

  b.  any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of North Carolina, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law; or

  c.  any claim under Section 107 or 113 of CERCLA, 42 U.S.C. § 9607 or 9613, Section 7002(a) of RCRA, 42 U.S.C. § 6972(a), or state law for Past Response Costs.

22. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

## XI.  EFFECT OF SETTLEMENT/CONTRIBUTION

23. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Section X (Covenants by Defendants), each of the Parties expressly reserves any and all rights (including, but not limited to, under Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that it may have with respect to any matter, transaction, or occurrence relating in any way to the Sites against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

24.     The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

25.     The Parties further agree, and by entering this Consent Decree this Court finds, that the complaint filed by the United States in this action is a civil action within the meaning of Section 113(f)(1) of CERCLA, 42 U.S.C. § 9613(f)(1), and that this Consent Decree constitutes a judicially-approved settlement pursuant to which each Defendant has, as of the Effective Date, resolved liability to the United States within the meaning of Section 113(f)(3)(B) of CERCLA, 42 U.S.C. § 9613(f)(3)(B).

26.     Each Defendant shall, with respect to any suit or claim brought by it for matters related to this Consent Decree, notify EPA and DOJ in writing no later than 60 days prior to the initiation of such suit or claim. Each Defendant also shall, with respect to any suit or claim brought against it for matters related to this Consent Decree, notify EPA and DOJ in writing within 10 days after service of the complaint or claim upon it. In addition, each Defendant shall notify EPA and DOJ within 10 days after service or receipt of any Motion for Summary Judgment, and within 10 days after receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

27.     In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Sites, Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenants by Plaintiff set forth in Section VIII.

## XII.    PROPERTY REQUIREMENTS

28.     **Agreements Regarding Access and Non-Interference.** Godley shall, with respect to the Affected Property:

a.     Provide the United States, the state in which the Affected Property is located, and their representatives, contractors, and subcontractors with access at all reasonable times to the Affected Property to conduct any activity relating to evaluating Godley's compliance with the requirements of this Section, including the following activities:

(1)     Verifying any data or information submitted to the United States or the state;

(2)     Verifying any data or information contained within any demolition permits, notifications under the Asbestos National Emission Standards for Hazardous Air Pollutants ("Asbestos NESHAP"),

10

notices of violation, and stop work orders for the Affected Property;

(3) Conducting investigations regarding contamination at or near the Affected Property;

(4) Obtaining samples;

(5) Assessing the need for, planning, implementing, or monitoring response actions;

(6) Inspecting and copying records, operating logs, contracts, or other documents maintained or generated by Godley or his agents, consistent with Section XIV (Access to Information);

(7) Interviewing Godley, his contractors, and/or other agents or representatives of Godley; and

(8) Assessing Godley's compliance with the Consent Decree.

b. Conduct activities at the Affected Property in accordance with applicable federal, state, and local environmental statutes and regulations such that, as determined by EPA or state or local authorities, Godley's activities will not (i) pose an unacceptable risk to human health or to the environment due to exposure to hazardous substances, pollutants, or contaminants, or (ii) interfere with or adversely affect the implementation, integrity, or protectiveness of response actions at the Affected Property including the following obligations, at a minimum:

(1) Ensure that an asbestos inspection by a Licensed Asbestos Inspector is performed prior to any Demolition Activity on any Affected Property;

(2) Ensure that any asbestos in any structure to be either partially or fully demolished on any Affected Property is properly abated by a Licensed Asbestos Abatement Contractor prior to any Demolition Activity;

(3) Ensure that any Demolition Activity at any Affected Property is performed by a Licensed Demolition Contractor;

(4) Ensure that any permit application for any Demolition Activity and any permit for any Demolition Activity on any Affected Property accurately reflects the scope of the Demolition Activity; and

(5) Ensure that any necessary demolition permit is properly obtained and complied with for any Demolition Activity at any Affected Property.

29. Notwithstanding any provision of the Consent Decree, the United States retains all of its access authorities and rights, as well as all of its rights to require institutional controls,

11

including enforcement authorities related thereto, under CERCLA, RCRA, and any other applicable statute or regulations.

## XIII.  REPORTING REQUIREMENTS

30.     Six months prior to any Demolition Activity planned by any Defendants or, if previously unplanned Demolition Activity must occur within less than six months because of an emergency, as soon as possible but no later than 24 hours after any Defendant first knows of such emergency Demolition Activity, Godley will notify EPA in an electronically signed .pdf file that will set forth the manner and method that Godley will arrange for an asbestos inspection by a Licensed Asbestos Inspector, will remediate any asbestos in advance of the Demolition Activity and will hire a Licensed Demolition Contractor for the Demolition Activity.  Such information will include as available:

      a.      a description of any Demolition Activity planned in the next six months and the address of any Affected Property;

      b.      a copy of any asbestos inspection reports and surveys, and a description of any asbestos abatement planned at any Affected Property;

      c.      the status of any planned or submitted permit applications relating to the Demolition Activity, including applications made to state and local authorities, at any Affected Property; and

      d.      copies of any permit applications or permits received relating to the Demolition Activity, including any permits from state and local authorities, at any Affected Property.

31.     Whenever any violation of this Consent Decree or of any applicable permits or any other event affecting Godley's performance under this Decree may pose an immediate threat to the public health or welfare or the environment, Godley shall notify EPA orally or by electronic transmission as soon as possible, but no later than 24 hours after Godley first knew of the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph.

32.     All reports shall be submitted electronically to the persons designated in Section XVI (Notices and Submissions).

33.     Each report submitted by Godley under this Section shall be signed by Godley and include the following certification:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

34.     The reporting requirements of this Consent Decree do not relieve Godley of any other reporting obligations required by any federal, state, or local law, regulation, permit, or other requirement.

35.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## XIV.   ACCESS TO INFORMATION

36.     Godley shall provide to EPA, upon request, copies of all records, reports, documents, and other information (including records, reports, documents, and other information in electronic form) (hereinafter referred to as "Records") within their possession or control or that of their contractors or agents relating to activities at the Affected Property or to the implementation of this Consent Decree, including, but not limited to, demolition permits, notifications under the Asbestos NESHAP, notices of violation, stop work orders, sampling, analysis, chain of custody records, manifests, trucking logs, receipts, reports, correspondence, or other documents or information regarding the Affected Property.

37.     Privileged and Protected Claims

    a.     Godley may assert that all or part of a Record is privileged or protected as provided under federal law, provided they comply with Paragraph 37.b, and except as provided in Paragraph 37.c.

    b.     If Godley asserts a claim of privilege or protection, he shall provide Plaintiff with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, Godley shall provide the Record to Plaintiff in redacted form to mask the privileged or protected information only. Godley shall retain all Records that he claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Godley's favor.

    c.     Godley may make no claim of privilege or protection regarding:

        (1)     any data regarding the Sites, including but not limited to, all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological, or engineering data, or the portion of any other Record that evidences conditions at or around the Site; or

        (2)     the portion of any Record that Godley is required to create or generate under this Consent Decree.

13

38. **Business Confidential Claims**. Godley may assert that all or part of a Record submitted to Plaintiff under this Section or Section XV (Retention of Records) is business confidential to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b). Godley shall segregate and clearly identify all Records or parts thereof submitted under this Consent Decree for which Godley asserts a business confidentiality claim. Records that Godley claims to be confidential business information will be accorded the protection specified in 40 C.F.R. Part 2, Subpart B. If no claim of confidentiality accompanies Records when they are submitted to EPA, or if EPA has notified that the Records are not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R. Part 2 Subpart B, the public may be given access to such Records without further notice to Godley.

39. Notwithstanding any provision of this Consent Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XV. RETENTION OF RECORDS

40. Until 5 years after the Effective Date, Godley shall preserve and retain all non-identical copies of Records now in its possession or control or that come into his possession or control, that relate in any manner to the requirements in Section XII (Property Requirements), the requirements in Section XIII (Reporting Requirements), and his liability under CERCLA with respect to the Affected Property, provided, however, that Godley, if he is potentially liable as an owner or operator of the Affected Property, must retain, in addition, all Records that relate to the liability of any other person under CERCLA with respect to the Affected Property. Each of the above record retention requirements shall apply regardless of any corporate retention policy to the contrary.

41. At the conclusion of the record retention period, Godley shall notify EPA and DOJ at least 90 days prior to the destruction of any such Records, and, upon request by EPA or DOJ, and except as provided in Paragraph 37 (Privileged and Protected Claims), Godley shall deliver any such Records to EPA.

## XVI. NOTICES AND SUBMISSIONS

42. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Except as otherwise provided, notice to a Party by email (if that option is provided below) or by regular mail in accordance with this Section satisfies any notice requirement of the Consent Decree regarding such Party.

**As to DOJ by email**:   eescdcopy.enrd@usdoj.gov
                          Re: DJ# 90-11-3-11692

14

| **As to DOJ by mail**: | EES Case Management Unit |
| | U.S. Department of Justice |
| | Environment and Natural Resources Division |
| | P.O. Box 7611 |
| | Washington, D.C. 20044-7611 |
| | Re: DJ # 90-11-3-11692 |

| **As to EPA**: | Elisa Roberts |
| | Attorney-Advisor |
| | Office of Regional Counsel |
| | U.S. EPA, Region 4 |
| | 61 Forsyth Street, SW |
| | Atlanta, GA 30303 |
| | roberts.elisa@epa.gov |

| **As to Defendants**: | Stanley B. Green |
| | Green Mistretta Law, PLLC |
| | 1752 Heritage Center Drive, Ste. 101 |
| | Wake Forest, NC 27587 |
| | sgreen@gmlawyers.org |
| | & |
| | Fred D. Godley, Jr., |
| | P. O. Box 1140 |
| | Cornelius, NC 28031-1140 |
| | Fredgodley722@gmail.com |

## XVII.  RETENTION OF JURISDICTION

43.     This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVIII. INTEGRATION/APPENDICES

44.     This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree.  The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the map of the Old Davis Site; and

"Appendix B" is the map of the Pineville Site.

## XIX.   TERMINATION

45.     After Defendants have completed the requirements of Section V (Payment of Response Costs) and after Godley has maintained satisfactory compliance with this Consent

15

Decree for a period of five years and has paid any accrued stipulated penalties as required by this Consent Decree, this Consent Decree shall terminate five years after the Effective Date unless the United States serves on Defendants a notice of non-compliance with the terms of this Consent Decree.

## XX.    LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

46.    This Consent Decree shall be lodged with the Court for a period of at least 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations that indicate that this Consent Decree is inappropriate, improper, or inadequate. Defendants consent to the entry of this Consent Decree without further notice.

47.    If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XXI.    SIGNATORIES/SERVICE

48.    Each undersigned representative of a Defendant and the Assistant Attorney General, U.S. Department of Justice, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

49.    Defendants agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Defendants in writing that it no longer supports entry of the Consent Decree.

50.    Defendants shall identify, on the attached signature pages, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree. Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.

## XXII.    FINAL JUDGMENT

51.    Upon entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between and among the United States and the Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58 on the United States' claims against Defendants.

SO ORDERED THIS 5 DAY OF August, 2022

Robert J. Conrad, Jr.
United States District Judge

16

Signature Page for Consent Decree in *United States v. Fred D. Godley, Jr. et al.*

FOR THE UNITED STATES OF AMERICA:

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

August 3, 2022
_____
Dated

Rachael Amy Kamons, Senior Counsel
Angela Mo, Senior Counsel
Richard S. Greene IV, Senior Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611
Washington, D.C. 20044-7611

17

**Signature Page for Consent Decree in *United States v. Fred D. Godley, Jr. et al.***

CAROL MONELL
Digitally signed by CAROL MONELL
Date: 2022.06.02 18:09:29 -04'00'

Carol J. Monell, Director
Superfund & Emergency Management Division
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, SW
Atlanta, GA 30303

Elisa Roberts
Digitally signed by Elisa Roberts
Date: 2022.06.02 09:44:33 -04'00'

Elisa Roberts
Attorney-Advisor
Office of Regional Counsel
U.S. Environmental Protection Agency, Region 4
61 Forsyth Street, SW
Atlanta, GA 30303

18

**Signature Page for Consent Decree in** *United States v. Fred D. Godley, Jr. et al.*

FOR FRED D. GODLEY, JR.:

*[signature]*

5/23/22
Dated

Fred D. Godley, Jr.
Name (print):

Address:
20940 Bethelwood Lane
Cornelius, NC 28031

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Stan Green
Green Mistrette Law PLLC

Title: Attorney

Address: 1752 Heritage Center Drive, 101
Wake Forest, NC 27587

Phone: 704 - 564 - 9878

Email: Sgreen @ gmlawyers.org

19

Signature Page for Consent Decree in *United States v. Fred D. Godley, Jr. et al.*

FOR 436 CONE AVENUE, LLC:

Fred D. Godley, Manager

5/23/22
Dated

Fred D. Godley, Manager
Name (print):

Address:
20940 Bethelwood Lane
Cornelius, NC 28031

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Stan Green
Name: Green Mistretta Law PLLC

Title: Attorney

Address: 1752 Heritage Center Drive, 101
Wake Forest, NC 27587

Phone: 704-564-9878

Email: sgreen@gmlawyers.org

20

Signature Page for Consent Decree in *United States v. Fred D. Godley, Jr. et al.*

FOR F.D. GODLEY NUMBER THREE, LLC:

*Fred D. Godley,* MANAGER.

5/23/22
Dated

Name (print): Fred D. Godley, Manager

Address: 20940 Bethelwood Lane
Cornelius, NC 28031

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Stan Green

Title: Green Mistretta Law, PLLC
Attorney

Address: 1752 Heritage Center Drive, 101
Wake Forest, NC 27587

Phone: 704-564-9878

Email: sgreen@gmlawyers.org

21

Appendix A



Figure 2 — Site Layout. TDD Name: Old Davis Hospital. TDD No.: TT-01-052. City: Statesville. County: Iredell. State: North Carolina. United States Environmental Protection Agency, Region 4. TETRA TECH.

EPA40001491

# Appendix B



**Legend**

▢ Approximate Parcel Boundary

N

0    250    500
Feet

Mecklenburg County
North Carolina

United States Environmental Protection Agency

PINEVILLE TEXTILE MILL
PINEVILLE, MECKLENBURG COUNTY,
NORTH CAROLINA
TDD No. GSA-03-012

**FIGURE 2
AERIAL SITE MAP**

EPA

OTIE
Oneida Total Integrated Enterprises